# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MARIE TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY,<br><br>Defendant.<br>_____/ | Case No. 1:17-cv-01761-DAD-SKO<br><br>ORDER GRANTING MOTION TO ENFORCE SUBPOENAS<br><br>(Doc. 28) |

**ORDER**

On June 26, 2019, Defendant filed a motion under Local Rule 251 to enforce subpoenas seeking Plaintiff's medical records that were served on certain medical providers. (Doc. 28.) On July 17, 2019, pursuant to Local Rule 251(c), Defendant filed a "Statement of Discovery Disagreement Re AMCO's Subpoenas Seeking Plaintiff's Medical Records" to which Plaintiff contributed, but did not sign. (Doc. 32.) On July 18, 2019, Plaintiff filed a "Supplement to AMCO's Statement of Discovery Disagreement Re AMCO's Subpoenas Seeking Plaintiff's Medical Records." (Doc. 34.)

The Court reviewed preliminarily the filings and determined that the matter was suitable for decision without oral argument. Accordingly, the Court vacated the hearing set for July 24, 2019. (Doc. 33.) For the reasons stated below, the motion is granted.

# I. RELEVANT BACKGROUND

## A. Procedural Background

Plaintiff filed this case in Fresno County Superior Court on November 11, 2017, alleging breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 2 at 15–32.) Defendant removed the case to this court on December 28, 2017. (Docs. 1, 2.) The complaint alleges that Defendant issued an insurance policy to Plaintiff's father covering his automobile transmission shop, and Plaintiff's father then passed away. (Doc. 2 at 16.) After Plaintiff's father's death, tools were allegedly stolen from the shop, and Plaintiff alleges that Defendant wrongfully refused to pay insurance benefits for her claim related to the stolen tools. (*See id.* at 17, 27–28.) Plaintiff seeks damages for emotional distress caused by Defendant's failure to pay insurance benefits, and alleges she has "suffered emotional and mental distress and discomfort in an amount not yet fully ascertained." (*Id.* at 19, 30.)

On April 9, 2018, the Honorable Michael J. Seng[1] entered a Scheduling Order setting the non-expert discovery deadline for December 4, 2018, the non-dispositive motions deadline for January 18, 2019, the dispositive motions deadline for February 1, 2019, and a jury trial for August 20, 2019. (Doc. 11.) On October 26, 2018, at the parties' request, the Court continued the non-expert discovery deadline to February 4, 2019, the non-dispositive motions deadline to March 20, 2019, the dispositive motions deadline to April 2, 2019, and the trial to September 24, 2019. (Doc. 16.)

## B. Subpoenas to Medical Providers

On February 4, 2019, Defendant served three Rule 45 subpoenas on medical providers, including (1) Kaiser Permanente, First Street Medical Offices; (2) Kaiser Permanente, Fresno Medical Center; and (3) Fresno Medical Center.[2] (Doc. 32 at 4–5.) Each of the three subpoenas contained identical document requests stating the following:

---

[1] Magistrate Judge Seng retired in 2018 and this case was reassigned from Magistrate Judge Seng to the undersigned on April 19, 2018. (Doc. 12.)

[2] Defendant states that Plaintiff testified during her deposition that "she has a history of mental health issues, which predate her insurance claim to [Defendant]" and "identified medical providers who provided her with treatment for her mental health issues." (Doc. 32 at 4.)

## REQUESTS FOR PRODUCTION

**Request No. 1**:

Any and all DOCUMENTS and records pertaining to the care, treatment and examination of PLAINTIFF relating to emotional distress, anxiety, or depression by Dr. Dhillon, or any other provider at Fresno Medical Center, including but not limited to, doctors' reports, nurses' reports, licensed clinical social workers' reports and notes, progress reports, medical, inpatient and outpatient charts and records, emergency room and lab reports from January 1, 2010 to the present.

(Doc. 32 at 5.)

On February 6, 2019, Plaintiff objected to all three subpoenas as follows:

    1.    The subpoena is in violation of the District Court's scheduling order which requires all non-expert discovery to be completed by February 4, 2019. See Exhibit "A" attached hereto [Scheduling Order filed April 9, 2018, at p. 2, ¶V – "The parties are ordered to complete all discovery pertaining to non-experts on or before December 4, 2018."]; see also Exhibit "B" attached hereto [Stipulation to Continue Discovery and Expert Disclosure Deadlines; Order, at pp. 2 – 3, - "The Scheduling Order should be amended to set forth the following new deadlines for discovery and expert disclosures, which extend those deadlines by two months" to February 4, 2019.]

    2.    Discovery served so that the responses are not due until after the cut-off date is not enforceable; i.e. a motion to compel will be denied. See <u>Draper v. Coombs</u>, 792 F.3d 915, 924 (9th Cir. 1986). The subject subpoena does seek [sic] production until February 25, 2019, well after the discovery cut-off of February 4, 2019, and therefore is unenforceable.

    3.    The subpoena invades the privacy rights of JENNIFER MARIE TUCKER as guaranteed by the California Constitution, Article I, § 1.

    4.    The documents requested are medical records protected from disclosure by the physician-patient privilege and the provisions of the Health Insurance Portability and Accountability Act relating to the confidential and protected health information.

    5.    The subpoena seeks information and documents not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

    6.    The subpoena is overly broad and unduly burdensome.

(*Id.* at 5–6.) Plaintiff advised the medical providers that they were prohibited from complying with the subpoenas "absent authorization from [Tucker's counsel] or explicit Court order." (Doc. 32 at 2, 11–12.) There is no indication that any of the three medical providers objected to or otherwise

responded to the subpoenas.

On June 26, 2019, Defendant filed its motion to enforce the subpoenas. (Doc. 28.) Defendant's motion is now before the court.

## II. DISCUSSION

**A.   Legal Standard**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a subpoena commanding the production of documents requires the responding party to permit inspection or copying of the materials. Fed. R. Civ. P. 45(a)(1)(D).

A nonparty served with a Rule 45 subpoena may challenge the subpoena in two ways: (1) serving objections to the subpoena or (2) filing a motion to quash or modify the subpoena or for a protective order. *See* Fed. R. Civ. P. 45(c)(2), (d). Following service of a subpoena, the nonparty may serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served," and if an objection is made, the serving party may move for an order compelling production or inspection. Fed. R. Civ. P. 45(c)(2)(B). The nonparty may be held in contempt for failing to obey the subpoena without adequate excuse. Fed. R. Civ. P. 45(e). Rule 45(d) specifies that a court may quash or modify a subpoena that

> (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

A party seeking to challenge a Rule 45 subpoena served on a nonparty cannot simply object to the subpoena; the party must file a motion to quash or modify the subpoena for a protective order. *See California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *Clair v. Schlachter*, No. 2:13-cv-804-KJM-EFB P (TEMP), 2016 WL 2984107, at *3–4 (E.D. Cal. May 23, 2016). However, a party generally has no standing even to quash a subpoena served upon a nonparty, "except as to claims of privilege relating to the documents being

4

sought." *California Sportfishing*, 299 F.R.D. at 643. A party cannot, for example, quash a subpoena served on a nonparty on the basis that the subpoena is overly broad or imposes an undue burden on the nonparty. *See id.*; Fed. R. Civ. P. 45(d)(3)(A).

**B.  Analysis**

   **1.  Enforcement of the Subpoenas**

Plaintiff contends Defendant's motion to enforce the subpoenas should be denied because the subpoenas were untimely served and the motion was untimely filed; the motion is improper under Rule 45 as directed at Plaintiff, and the subpoenas are improper under Rule 45 because Defendant failed to give Plaintiff prior notice; and Defendant failed to meet and confer prior to filing the motion. (Doc. 32 at 13.) The Court will address each contention in turn.

   **a.  Timeliness of the Motion and the Subpoenas**

As an initial matter, the Court finds that Defendant's motion is timely filed. The Scheduling Order entered on April 9, 2018 states that "[a]ll non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than January 18, 2019." (Doc. 11 at 3.) The court later extended the non-dispositive motion filing deadline to June 26, 2019. (Doc. 27.) Defendant's motion was filed on June 26, 2019, and was therefore timely.

The Court further finds that the subpoenas themselves were timely served. The non-expert discovery deadline, as extended by the Court's October 26, 2018 Order, was February 4, 2019. (Doc. 16 at 3.) There is no language in the Scheduling Order to suggest that subpoenas or other discovery requests must be served in a manner that permits compliance prior to the non-expert discovery deadline.[3] Thus, as the subpoenas were served prior to the close of non-expert discovery, the Court finds the subpoenas were timely served. *See Lin v. Win Woo Trading, LLC*, No. 14-cv-02639-KAW, 2016 WL 661029, at *2 (N.D. Cal. Feb. 18, 2016).

---

[3] Magistrate Judge Seng's Scheduling Order set the original non-expert discovery deadline for December 4, 2018, and provided that all discovery motions were to be filed by January 18, 2019. (Doc. 11 at 2–3.) This implies that compliance with discovery requests could be accomplished after December 4, 2018 non-expert discovery deadline and before the January 18, 2019 discovery motion deadline and, if the compliance was inadequate, could be addressed in a discovery motion filed by the January 18, 2019 deadline. (Doc. 11 at 2–3.)

### b. Alleged Procedural Defects

As to Plaintiff's contention that the subpoenas were procedurally defective because Defendant failed to give Plaintiff prior notice before serving them, in violation of Rule 45(a)(4), the Court finds that any violation of the notice requirement does not prevent enforcement of the subpoenas. Rule 45 provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premise before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be serve on each party." Fed. R. Civ. P. 45(a)(4). "[T]he point of prior notice is to allow the opposing party an opportunity to object or to serve a subpoena for additional materials." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *4 (N.D. Cal. Oct. 5, 2015); *see also Bonzani v. Shinseki*, No. 2:11-cv-00007-EFB, 2014 WL 2521849, at *3 (E.D. Cal. June 4, 2014). If opposing counsel receives notice "with sufficient time to object, they are not prejudiced by a violation of Rule 45 notice requirement." *Fujikura*, 2015 WL 5782351, at *4.

Here, Plaintiff served improper objections to the subpoenas on February 6, 2019—two days after the subpoenas were served on the medical providers. (Doc. 32 at 7.) Thus, Plaintiff was not prejudiced by any violation of Rule 45's notice requirement, and the Court finds any violation of the notice requirement does not prevent enforcement of the subpoenas. *See Fujikura*, 2015 WL 5782351, at *4.

Next, the Court is unconvinced by Plaintiff's contention that the motion should be denied because it is procedurally defective as addressed to Plaintiff instead of the medical providers that were served with the subpoenas. As noted above, under Rule 45, a person commanded to produce documents may serve written objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). After written objections are served, the party serving the subpoena may not access the requested documents absent a court order, "but may at any time move for an order to compel document production." *Id.; see also* Fed. R. Civ. P. 37(a); *Clair*, 2016 WL 2984107, at *4. The court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County*

*of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Here, Defendant served the subpoenas on the three medical providers on February 4, 2019, and Plaintiff served objections to the subpoenas on February 6, 2019. (Doc. 32 at 2.) Defendant represents, and Plaintiff does not dispute,[4] that contemporaneously with serving her objections, Plaintiff "prevented the medical providers from producing documents" and advised the medical providers that they were prohibited from producing documents without a court order or "authorization from [Plaintiff's counsel]." Doc. 32 at 12–13. Thus, Defendant states it is not seeking an order compelling the medical providers to produce documents or holding the medical providers in contempt, but simply an order enforcing the subpoenas and "overruling [Plaintiff's] objections"[5] such that the medical providers will be permitted to produce documents responsive to the subpoenas. (Doc. 32 at 12.) Thus, the Court finds that under the circumstances of this case, and based on Defendant's representations to the Court, the motion is properly filed.

### c. Meet and Confer Efforts

Finally, the Court will not deny the motion based on Plaintiff's contention that Defendant failed to engage in the meet-and-confer process prior to filing the motion. The parties' filings reflect that Defendant attempted to meet and confer with Plaintiff regarding this motion first on June 25, 2019, and then continued to reach out to Plaintiff's counsel to no avail until July 16, 2019, when Plaintiff's counsel responded. (Doc. 32 at 12; *see also* Doc. 32-1.) There appears to be some fault on both sides for the lack of communication, and the Court will not deny the motion on that basis.

### 2. Plaintiff's Objections to the Subpoenas

As noted above, Plaintiff also objected to the subpoenas themselves on various grounds on February 6, 2019, and the parties submitted the language of Plaintiff's objections with the Joint

---

[4] Although Plaintiff's counsel did not sign the Joint Statement of Discovery Dispute, he filed a "Supplement to AMCO's Statement of Discovery Disagreement Re AMCO's Subpoenas Seeking Plaintiff's Medical Records" on July 18, 2019, in which he addressed any issues with the representations in the Joint Statement. (*See* Doc. 34.)

[5] The Court explained above why an order "overruling" Plaintiff's improper objections is inappropriate.

7

Statement of Discovery Dispute. (*See* Doc. 32 at 5–6.) Plaintiff's objections are procedurally improper, as Plaintiff is a party seeking to challenge a Rule 45 subpoena served on a nonparty, and her challenges to the subpoenas are more appropriately asserted in a motion to quash. *See California Sportfishing*, 299 F.R.D. at 643. However, for the sake of judicial economy the Court will construe the objections in the context of a motion to quash and will address their substance.[6]

First, Plaintiff's first two objections—that the subpoenas were untimely and improperly served under the Scheduling Order—and her objections that the subpoenas seek irrelevant information and are unduly burdensome and overly broad, fail because Plaintiff lacks standing to challenge the subpoenas on those bases. *See California Sportfishing*, 299 F.R.D. at 643 ("a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.").

As to Plaintiff's objections that the requested information is privacy-protected under California law, privileged, or confidential health information protected by the Health Insurance Portability and Accountability Act (HIPAA), the Court finds that Plaintiff's challenges on those bases lack merit. Plaintiff waived any privilege related to her mental health records from the relevant time period by seeking damages for emotional distress and alleging she has "suffered emotional and mental distress and discomfort in an amount not yet fully ascertained." (Doc. 2 at 19, 30); *see E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 399 (E.D. Cal. 2009). Plaintiff also waived her privacy rights under California law related to the requested information by filing this case and alleging emotional distress. *See Vinson v. Superior Court*, 43 Cal.3d 833, 842 (1987) ("Plaintiff's present mental and emotional condition is directly relevant to her claim and essential to a fair resolution of her suit; she has waived her right to privacy in this respect by alleging

---

[6] In the motion, Defendant requests an order enforcing the subpoenas and requests that the Court "overrule" Plaintiff's objections to the subpoenas in the process. (Doc. 28 at 1–2.) As Plaintiff's objections were improperly asserted in the first place, and are not properly before the Court, the Court cannot "sustain" or "overrule" the improper objections, but can only determine the appropriateness of enforcing the subpoenas.

continuing mental ailments.").

Plaintiff's challenge based on HIPPA similarly fails. "HIPPA permits disclosure of protected health information pursuant to a court order or discovery request when the 'healthcare provider receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309485, at *5 (E.D. Cal. Jan. 30, 2007) (citing 45 C.F.R. § 164.512(1)(e)(ii)(b)). A protective order is "HIPPA compliant" if it (1) prohibits use or disclose of the protected health information "for any purpose outside of the litigation" and (2) requires that the information be destroyed at the end of the case. *Lopez v. Flores*, No. 1:08-cv-01975-LJO-JLT, 2013 WL 1151948, at *5 (E.D. Cal. Mar. 19, 2013) (citing 45 C.F.R. § 164.512(1)(e)(v)). Here, the Court entered a qualified protective order meeting both those criteria on April 5, 2018, (Doc. 9), and Defendant has agreed to stipulate that any records produced by the medical providers are covered by the protective order. (Doc. 32 at 8.)

### III. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED:

Defendant's motion to enforce subpoenas, (Doc. 28), is GRANTED. The February 4, 2019 subpoenas served on Kaiser Permanente, First Street Medical Offices; Kaiser Permanente, Fresno Medical Center; and Fresno Medical Center, SHALL be enforced.

IT IS SO ORDERED.

Dated: **August 8, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

9